IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | |
| § | EP-24-CV-00214-KC |
| CITY SLICKERS LIMITED § | |
| LIABILITY COMPANY and KENNETH § | |
| O. EKECHUKWU, § | |
| § | |
| *Defendants*. § | |

## REPORT AND RECOMMENDATION

Before the Court is Plaintiff Joe Hand Promotions, Inc.'s "Motion for Final Default Judgment and Supporting Brief" ("Motion") (ECF No. 11), filed on October 24, 2024. United States District Judge Kathleen Cardone referred the motion to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 1(d) of Appendix C to the Local Rules of the Western District of Texas. For the reasons set forth below, the Court **RECOMMENDS** that Plaintiff's Motion for Default Judgment be **GRANTED in part** and **DENIED in part**.

I.  BACKGROUND

Plaintiff had the exclusive commercial license to distribute the July 10, 2021, broadcast of the *Ultimate Fighting Championship® 264: Dustin Poirier vs. Conor McGregor* 3 mixed martial arts match, including the preliminary bouts and commentary (collectively, the "Event"). Compl. ¶ 3, ECF No. 1. Defendant City Slickers Limited Liability Company is a Texas limited liability company that did business as AXO Rock Kitchen & Lounge (the "Establishment") on the date of the program. *Id.* ¶ 4. Defendant Kenneth O. Ekechukwu is the registered agent of City Slickers

Limited Liability Company and "operated, maintained, and controlled" the Establishment. *Id.* ¶ 5; *see also* Mot. Ex. A, at 4, ECF No. 11-1.  Defendants had the ability to legally broadcast the Event after paying a commercial sublicense fee to Plaintiff but did not do so.  Compl. ¶ 9.  Defendants managed to intercept the transmission of the Event and allowed patrons at the Establishment to view the Event.  *Id.*  One of Plaintiff's auditors entered the Establishment and observed the Event being broadcast on a television within.  Mot. Ex. B(3), at 1, ECF No. 11-5.

On June 19, 2024, Plaintiff filed suit against Defendants, alleging that they violated the Federal Communications Act ("FCA"), 47 U.S.C. §§ 553 and 605.  *See* Compl.  Both Defendants were served.  *See* Affs. Service, ECF Nos. 6, 7.  Defendants had twenty-one days from service to answer.  Fed. R. Civ. P. 12(a)(1)(A)(i).  They did not timely answer.  Plaintiff filed a request for entries of default against Defendants on September 27, 2024.  *See* Pl.'s Req. Clerk's Entry Default Against Defs., ECF No. 8. Entry of default against Defendants was granted on October 1, 2024.  *See* Default by Clerk, ECF No. 9.  Plaintiff then filed the instant motion.  Defendants have not responded to the motion for default judgment or otherwise appeared in this matter.

## II.   STANDARD

Federal Rule of Civil Procedure 55 governs entry of default and default judgment.  In ruling on a motion for default judgment, courts generally analyze the following three issues: (1) the procedural propriety of default judgment, (2) the substantive merits of the plaintiff's claims, and (3) the appropriate form of relief.  *United States v. 1998 Freightliner Vin #: 1FUYCZYB3WP886986*, 548 F. Supp. 2d 381, 384 (W.D. Tex. 2008); *J&J Sports Prods., Inc. v. Morelia Mexican Rest., Inc.*, 126 F. Supp. 3d 809, 813–14 (N.D. Tex. 2015).

Procedurally, a defendant defaults if he or she fails to timely respond to the complaint.  Fed. R. Civ. P. 55(a); *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996).  When default is

shown "by affidavit or otherwise," the clerk of the court "must enter the party's default." Fed. R. Civ. P. 55(a). After entry of default, the plaintiff may seek an entry of default judgment. *Id.* 55(b). Default judgment is "a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead and Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989) (footnote omitted). In deciding whether default judgment is procedurally proper, the court considers the following factors:

> [1] whether material issues of fact are at issue, [2] whether there has been substantial prejudice, [3] whether the grounds for default are clearly established, [4] whether the default was caused by a good faith mistake or excusable neglect, [5] the harshness of a default judgment, and [6] whether the court would think itself obliged to set aside the default on the defendant's motion.

*Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998) ("*Lindsey* factors").

Next, as to the merits of a motion for default judgment, the court accepts the plaintiff's well-pleaded allegations as true, except regarding damages. *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975); *U.S. for Use of M-CO Const., Inc. v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987). Default judgment is appropriate only if the pleadings provide a "sufficient basis" for the judgment. *Nishimatsu*, 515 F.2d at 1206. In other words, "a defendant's default does not in itself warrant the court in entering a default judgment. . . . The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Id.* Courts apply the Federal Rule of Civil Procedure 8 standard[1] for the sufficient basis inquiry. *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015); *see also id.* n.3 ("Although most cases addressing Rule 8 arise in the context of a Rule 12(b)(6) motion to dismiss, . . . we decline to import Rule 12 standards into the default-judgment context.").

---

[1] Rule 8 requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, the allegations "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

3

Finally, as to the appropriate form of relief, "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). The court may conduct a hearing on a default judgment motion, as needed, to: "(A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." *Id.* 55(b)(2). A hearing on damages is required "unless the amount claimed is a liquidated sum or one capable of mathematical calculation." *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979).

Whether default judgment is granted is discretionary with the court. "A party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996). Rather, the district court "has the discretion to decline to enter a default judgment." *Lindsey*, 161 F.3d at 893.

### III.   DISCUSSION

#### A. Court's Jurisdiction

The Court first confirms that it has jurisdiction to hear this matter. *See Sys. Pipe & Supply, Inc. v. M/V Victor Kurnatovskiy*, 242 F.3d 322, 324 (5th Cir. 2001) ("When entry of default is sought against a party who has failed to plead or otherwise defend, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties." (cleaned up)). The Court has subject-matter jurisdiction over Plaintiff's claims under 47 U.S.C. §§ 553 and 605 because they are federal statutes. *See* 28 U.S.C. § 1331.

There are two types of personal jurisdiction: general and specific. *Bristol-Myers Squibb Co. v. Superior Ct. of Cal., San Francisco Cnty.*, 582 U.S. 255, 262 (2017). A state has general personal jurisdiction over a corporation if the corporation "is fairly regarded as at home" in the state. *Id.* (citation omitted). Generally, a corporation is "at home" only in its place of incorporation

4

or principal place of business. *Frank v. P.N.K. (Lake Charles) LLC*, 947 F.3d 331, 336 (5th Cir. 2020). Plaintiff states that Defendant City Slickers is a Texas limited liability company. Compl. ¶ 4; *see also* Mot. Ex. A (City Slickers' certificate of formation filed with the Secretary of State of Texas). As a result, this Court can exercise general personal jurisdiction over Defendant City Slickers. A court can exercise general personal jurisdiction over an individual where the individual is domiciled. *Bristol-Myers Squibb Co.*, 582 U.S. at 262. Defendant Ekechukwu is domiciled in Texas. Compl. ¶ 5. Thus, this Court can exercise personal jurisdiction over both Defendants.

Lastly, Defendants were properly served. On August 15, 2024, Plaintiff filed a motion for substituted service, stating that it had attempted to serve Defendants but had been unsuccessful. *See* Pl.'s Mot. Order Substituted Service Process Defs. City Slickers Limited Liability Company, d/b/a AXO Rock Kitchen & Lounge, & Kenneth O. Ekechukwu, ECF No. 4. This motion was granted, and Plaintiff was authorized to serve process on Defendants by leaving a copy of the complaint and summons with anyone over the age of sixteen at 2013 Shreya Street, El Paso, TX 79938 or by attaching the complaint and summons to the front door of the property at that address. Order 3–4, ECF No. 5. Plaintiff subsequently served Defendants by attaching a copy of the complaint and summons to the front door of 2013 Shreya Street. Aff. Serv. 1, ECF No. 6; Aff. Serv. 1, ECF No. 7. Therefore, Plaintiff complied with the District Court's order in serving Defendants, and the Court may exercise personal jurisdiction over Defendants.

### B. Procedural Propriety

Default judgment against Defendants is procedurally appropriate. There are no material issues of fact at issue in the case, given that Defendants defaulted and filed no responsive pleadings. *See Cunningham v. Greenstar Cap. Sols., LLC*, No. 4:18-CV-000161-ALM-CAN, 2018 WL 4572711, at *3 (E.D. Tex. Aug. 1, 2018) ("[W]hen a defendant defaults, he admits to the

plaintiff's well-pleaded allegations of fact, and therefore, there are no material issues of fact." (citation omitted)), *report and recommendation adopted*, No. 4:18-CV-161, 2018 WL 4567706 (E.D. Tex. Sept. 24, 2018). Plaintiff has been prejudiced and will continue to be prejudiced by the delay in this case due to Defendants' failure to timely answer and defend the case. The grounds for default are clearly established. As discussed, Defendants failed to timely respond to Plaintiff's complaint, Plaintiff moved for default, and the Clerk of the Court entered default against Defendants. There is no evidence that Defendants' default was caused by a good faith mistake or excusable neglect. Default judgment against Defendants would not be unduly harsh, given that Defendants have been given notice and opportunity to respond to this action. Lastly, there is not any basis on which a court would think itself obliged to set aside Defendants' default. Thus, all the *Lindsey* factors are satisfied.

### C. Substantive Merits

In its motion for default judgment, Plaintiff only seeks damages under 47 U.S.C. § 605. *See* Mot. ¶¶ 16–26, ECF No. 11. Section 605 prohibits any person not authorized by the sender of a radio communication to "intercept any radio communication and divulge or publish the existence, contents, substance, purport, effect, or meaning of such intercepted communication to any person." 47 U.S.C. § 605(a). "The unauthorized interception of satellite or cable transmissions violates both Sections 553 and 605." *Morelia Mexican Rest.*, 126 F. Supp. 3d at 815. The elements of a claim under § 605 are that (1) the event was shown in the defendant's establishment, (2) the event was shown without authorization from the plaintiff, and (3) the plaintiff was the exclusive licensee. *G&G Closed Cir. Events LLC v. Rivals Sports Grill LLC*, No. 6:12-3052, 2014 WL 198159, at *3 (W.D. La. Jan. 14, 2014) (quoting *J&J Sports Prods., Inc. v. El 33, LLC*, No. EP-11-CV-519-KC, 2013 WL 164521, at *3 (W.D. Tex. Jan. 14, 2013)).

Plaintiff has established that the Event was satellite cable programming. Mot. ¶ 9; Mot. Ex. B, ¶ 10, ECF No. 11-2. Thus, § 605 applies. Plaintiff has provided evidence to show that Defendant City Slickers operated the Establishment. Mot. Ex. A, at 7. Plaintiff has provided evidence that the Event was shown in the Establishment. *See* Mot. Ex. B(3). According to Plaintiff, Defendant City Slickers intercepted and published the telecast without authorization. Compl. ¶¶ 9, 12; Mot. ¶¶ 9, 12–13; Mot. Ex. B, ¶ 9. Lastly, Plaintiff has provided evidence to show that it was the exclusive licensee of the Event. Mot. Ex. B, ¶ 4; *see also* Mot. Ex. B(1), ECF No. 11-3. Thus, Plaintiff has established that Defendant City Slickers violated 47 U.S.C. § 605.

Establishing a claim for default judgment against a company for a violation of 47 U.S.C. § 605 "does not automatically establish claims against" an officer or manager of the company. *J&J Sports Prods., Inc. v. Roli's Auto Sales, Inc.*, No. 15-CV-172, 2016 WL 7187459, at *4 (S.D. Tex. Nov. 10, 2016), *report and recommendation adopted*, No. B-15-172, 2016 WL 7179357 (S.D. Tex. Dec. 9, 2016). "In order to hold an individual vicariously liable for the activities of an establishment, the plaintiff must prove the individual had the right and ability to supervise the activities of the establishment, and a financial interest in the activities." *Id.* The complaint alleges that Defendant Ekechukwu "operated, maintained, and controlled the Establishment on the date of the [Event]" and was an owner of as well as "a member, manager, officer, and/or principal" of Defendant City Slickers. Compl. ¶ 5. The motion for default judgment provides a Texas franchise tax public information report showing Defendant Ekechukwu listed as the CEO of Defendant City Slickers. Mot. Ex. A, at 6. He, along with Beatrice Ekechukwu, who is listed as a manager, are the only officers, directors, members, general partners, or managers listed on the franchise tax report. *Id.* Accordingly, Defendant Ekechukwu had the right to supervise Defendant City Slickers'

7

activities and would have a financial interest in its activities. Vicarious liability is appropriate as to Defendant Ekechukwu and default judgment may be entered against him.

### D. Entitlement to Damages

No hearing on damages is needed, since the amount of damages claimed is capable of mathematical calculation. *See James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993) ("[I]n the context of a default judgment, unliquidated damages normally are not awarded without an evidentiary hearing. That rule, however, is subject to an exception where the amount claimed is a liquidated sum or one capable of mathematical calculation." (footnote omitted)); *Joe Hand Promotions, Inc. v. Pistoleros del Adobe Horse Shoe Cantina & Grill LLC*, No. EP-23-CV-419-KC, 2024 WL 4376121, at *2 (W.D. Tex. Sept. 25, 2024) (noting that a hearing on damages for a default judgment under § 605 is unnecessary because the statutory damages are capable of calculation).

"A party aggrieved by a violation of Section 605 may elect to receive either actual damages or statutory damages." *Morelia Mexican Rest.*, 126 F. Supp. 3d at 816. The FCA allows Plaintiff to recover statutory damages between $1,000 and $10,000. 47 U.S.C. § 605(e)(3)(C)(i)(II). In a case where "the court finds that the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain, the court in its discretion may increase the award of damages . . . by an amount of not more than $100,000." *Id.* § 605(e)(3)(C)(ii). Plaintiff asserts that Defendants' actions were willful and for the purpose of commercial advantage. Mot. ¶¶ 27–33. As such, it seeks to recover additional damages. In total, Plaintiff seeks $10,000 in statutory damages with an additional $30,000 in damages for willfulness. *Id.* ¶¶ 26, 33. Plaintiff also requests attorney's fees and costs. *Id.* ¶¶ 34–36.

1. <u>Statutory Damages</u>

"'[T]here is no universal approach' for calculating statutory damages." *Pistoleros del Adobe*, 2024 WL 4376121, at *3 (quoting *J&J Spots Prods., Inc. v. Gutierrez*, No. DR-19-CV-057-AM/VRG, 2021 WL 2930094, at *2 (W.D. Tex. Mar. 16, 2021)). According to another court:

> Courts employ a number of methods to determine an appropriate amount of statutory damages, such as a flat sum, a calculated sum based on the number of patrons in the violator's establishment at the time of the violation, a sum equal to the amount of the appropriate sublicensing fee for the establishment, or a multiple of the sublicensing fee.

*G&G Closed Cir. Events, LLC v. La Papa Loca LLC*, No. 6:21-CV-02610, 2022 WL 2718228, at *3 (W.D. La. July 12, 2022). And another court states: "Courts have developed two approaches for determining statutory damages under Section 605. One approach is to base the award of damages on the number of patrons in the establishment at the time of the violation. . . . Another method is to award a flat sum for damages." *Ent. By J&J, Inc. v. Al-Waha Enters., Inc.*, 219 F. Supp. 2d 769, 776 (S.D. Tex. 2002). Many courts calculate a flat sum by looking to the licensing fee that would have been charged to the defendant as a baseline. *See Pistoleros del Adobe*, 2024 WL 4376121, at *3 (collecting cases). Courts then typically add a penalty, such as tripling the licensing fee, to penalize the defendant for not following the law. *See, e.g.*, *Joe Hand Promotions, Inc. v. Garcia*, 546 F. Supp. 2d 383, 386 (W.D. Tex. 2008) ("find[ing] it reasonable to treble what would have been the cost had Defendant followed the law"); *J&J Sports Prods., Inc. v. Rodriguez*, No. SA-13-CA-342-XR, 2013 WL 3967833, at *2 (W.D. Tex. July 31, 2013) (also tripling the licensing fee for statutory damages); *Rivals Sports Grill*, 2014 WL 198159, at *4 (same); *El 33*, 2013 WL 164521, at *4 (same).

However, tripling the licensing fee is usually done to account for profits from customers who paid an entry fee and purchased food and drink while watching the fight. *G&G Closed Cir. Events, LLC v. GCF Enters. LLC et al.*, No. EP-15-CV-00111-KC, 2015 WL 7313427, at *4 (W.D.

9

Tex. Nov. 19, 2015). Although many courts do triple the licensing fee amount to "take[] into account direct and indirect losses suffered as well as the need to deter future violations," it is true that "lesser amounts can be sufficient to deter the unlawful conduct under the circumstances." *J&J Sports Prods., Inc. v. Vallejo*, No. 5-16-CV-00735-FB-RBF, 2018 WL 3795301, at *4 (W.D. Tex. Aug. 9, 2018). Further, courts also "look at factors such as whether defendants are repeat offenders." *Roli's Auto Sales, Inc.*, 2016 WL 7187459, at *6.

Plaintiff's auditor estimated that the capacity of the Establishment is about 40 to 60 people. Mot. Ex. B(3), at 1. According to Plaintiff's rate card, this means that Defendants would have paid either $866 or $980 to acquire the rights to show the broadcast. Mot. Ex. B(2), at 1, ECF No. 11-4. But Plaintiff's auditor also stated that she did not pay an entry fee, and, when she performed head counts at various points in the evening, there were only six, eight, and eleven patrons in the establishment. Mot. Ex. B(3), at 1. Given the small number of patrons present and the fact that Defendants did not make money by collecting an entry fee, as well as the lack of evidence that Defendants are repeat offenders, the Court considers tripling the licensing rate to be too high a penalty. Instead, the Court looks to *Pistoleros del Adobe* and *J&J Sports Productions, Inc. v. Rivera*, No. EP-14-CV-00343-KC, 2015 WL 1137473 (W.D. Tex. Mar. 12, 2015). In both of these cases, only a small number of patrons were present, and it was unclear how many purchased food and drinks. *Pistoleros del Adobe*, 2024 WL 4376121, at *3; *Rivera*, 2015 WL 1137473, at *5. Similarly, here, only a small number of people were present at the Establishment, and it is unclear how many purchased any drinks or food. Thus, the Court recommends following the lead of *Pistoleros del Adobe* and *Rivera* and assigning statutory damages in the amount of the licensing fee plus $100. The Court will use the larger licensing fee and recommend a total of $1,080 in statutory damages.

2. <u>Additional Damages for Willfulness</u>

Plaintiff alleges, and Defendants by their default admit, that Defendants willfully displayed the Event on their TV. Compl. ¶¶ 12–14. There is no likelihood that Defendants intercepted the transmission inadvertently, since they advertised the Event on their Facebook page before the Event was due to start. Mot. Ex. C(2), at 1, ECF No. 11-8. Plaintiff also provides evidence that Defendants acted for financial gain. The Establishment had the Event playing on a television at the bar and possibly charged customers for drinks and food. Mot. Ex. B(3), at 1; Mot. Ex. C(2), at 1. Defendants also publicized the event on their social media, encouraging patrons to come and watch the fight. Mot. Ex. C(2), at 1. Therefore, Plaintiff is entitled to additional damages for willfulness.

An award should not be so high that it drives a company out of business. *Pistoleros del Adobe*, 2024 WL 4376121, at *4 (quoting *J&J Sports Prods., Inc. v. Bermudez*, No. SA-17-CV-387-XR, 2017 WL 4448244, at *5 (W.D. Tex. Oct. 5, 2017)). Thus, the Court considers Plaintiff's requested damages of $30,000 to be too high. Courts generally look at several factors when evaluating damages for willfulness, such as whether the defendant advertised the event, if it charged an entry fee, if it sold food and drink to patrons, and how many televisions were used. *Id.* As in *Pistoleros del Adobe*, the defendant in this case charged no cover fee, sold drinks, displayed the Event to a small number of people, and advertised on social media. And as in *Pistoleros del Adobe*, there is no evidence that Defendants sold food to patrons. Also, Plaintiff does not allege that Defendants are repeat violators. In *Pistoleros del Adobe*, the court found "that an enhanced damages award of twenty-five percent more than the statutory damages award is appropriate." *Id.* The Court will follow this guidance and recommend that Plaintiff be awarded $1,350 in additional damages.

3. Attorney's Fees and Costs

Plaintiff requests attorney's fees pursuant to 47 U.S.C. § 605(e)(3)(B)(iii), which states that a court "shall direct the recovery of full costs, including awarding reasonable attorneys' fees." Mot. ¶ 34. Plaintiff seeks attorney's fees based on the amount of time that Plaintiff's attorneys worked on the case. *See* Mot. Ex. D, ECF No. 11-9. Jamie King, Plaintiff's attorney, provided a declaration stating that he expended 8.80 hours on the case and believes that an hourly fee of $250.00 is reasonable. *Id.* ¶¶ 5–6.

Under § 605, attorney's fees are mandatory. *Pistoleros del Adobe*, 2024 WL 4376121, at *5; *J&J Sports Prods., Inc. v. Casita Guanajuato, Inc.*, No. A-13-CA-824-SS, 2014 WL 1092177, at *3 (W.D. Tex. Mar. 19, 2014). Most courts use the lodestar method, which requires looking at "the number of hours reasonably expended multiplied by the prevailing hourly rate in the community for similar work." *Morelia Mexican Rest.*, 126 F. Supp. 3d at 819 (quoting *Smith v. Acevedo*, 478 F. App'x 116, 124 (5th Cir. 2012)). After reviewing Mr. King's explanation for the time spent on this case, the Court considers the 8.8 hours in this case were reasonably expended. Most cases involving default judgments under § 605 of the FCA have considered an hourly rate of $250 to be reasonable. *See, e.g.*, *La Papa Loca LLC*, 2022 WL 2718228, at *4; *J & J Sports Prods., Inc. v. Little Napoli, Inc.*, No. CIV.A. H-13-1237, 2014 WL 3667903, at *3 (S.D. Tex. July 22, 2014); *J&J Sports Prods. v. Mandell Family Ventures, LLC*, No. 3:10-CV-2489-BF, 2013 U.S. Dist. LEXIS 89236, at *17 (N.D. Tex. Mar. 31, 2013). Therefore, the Court recommends awarding Plaintiff $2,200 ($250 an hour for 8.8 hours) in attorney's fees.

Plaintiff also states that it wishes to recover its costs. Mot. ¶ 35. Plaintiff is entitled to recover costs under § 605. *See* 47 U.S.C. § 605(e)(3)(B)(iii). Plaintiff seeks to recover $405.00 in filing fees, $12.00 in copy fees, and $225.00 for service of process. Mot. Ex. D, ¶ 7; *see also*

12

Mot. Ex. D(1), ECF No. 11-10 (containing the receipts and invoices for Plaintiff's copy fees and service of process fees). However, the costs for private process servers cannot be recovered under 47 U.S.C. § 605(e)(3)(B)(iii). *Pistoleros del Adobe*, 2024 WL 4376121, at *5. Therefore, the Court recommends awarding Plaintiff $417.00 in costs.

Lastly, Plaintiff states that it wants post-judgment interest. Mot. ¶ 7. The Court concludes that Plaintiff is entitled to post-judgment interest as calculated in 28 U.S.C. § 1961.

### IV.   CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that Plaintiff Joe Hand Promotions, Inc.'s Motion for Default Judgment be **GRANTED in part** and **DENIED in part**. The Court **FURTHER RECOMMENDS** that Defendants City Slickers Limited Liability Company and Kenneth O. Ekechukwu be held jointly and severally liable and be required to pay Plaintiff $1,080.00 in statutory damages; $1,350.00 in enhanced damages; $2,200.00 in attorneys' fees; $417.00 in costs; and post-judgment interest at the legal rate prescribed by 28 U.S.C. § 1961.

**SIGNED** this 2nd day of May, 2025.

_____
**ROBERT F. CASTAÑEDA**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THE FOREGOING REPORT, WITHIN FOURTEEN DAYS OF SERVICE OF SAME, MAY BAR DE NOVO DETERMINATION BY THE DISTRICT JUDGE OF AN ISSUE COVERED HEREIN AND SHALL BAR APPELLATE REVIEW, EXCEPT UPON GROUNDS OF PLAIN ERROR, OF ANY UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS AS MAY BE ACCEPTED OR ADOPTED BY THE DISTRICT COURT.**